# In the United States Court of Federal Claims

No. 12-384L

(Filed: March 24, 2016)
**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **RICHARD LEWIS KATZIN, et al.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Roberto E. Berríos Falcón, San Juan, Puerto Rico, for plaintiffs. With him on the briefs were Nancie G. Marzulla, Roger J. Marzulla, and Ian F. Gaunt, Marzulla Law, LLC, Washington, D.C.

Emily M. Meeker, Trial Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were John C. Cruden, Assistant Attorney General, and Cullen S. Shearburn and William J. Shapiro, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

On March 18, 2016, the court issued an order to the United States to show cause "why its post-trial brief should be accepted by the court, given that its length greatly exceeds the limitations of Rule 5.4(b)(1) without prior leave by the court." Order of March 18, 2016, ECF No. 132. The government responded on March 22, 2016, stating its understanding that the "page limits [of Rule 5.4(b)(1)] applied to memoranda accompanying motions (and cross-motions) and did not apply to the pre-trial and post-trial briefing governed by Paragraphs 14 and 19 of Appendix A of the Rules." United States' Resp. to Order to Show Cause at 1, ECF No. 133. That understanding is not correct. Rule 5.4 of the Rules of the Court of Federal Claims ("RCFC") applies generally to all briefs and memoranda submitted by parties to the court. No exceptions are stated in the Rule. Tellingly, neither Paragraph 14 nor 19 of Appendix A to the court's rules address the length of memoranda (Paragraph 14 relates to pretrial Memoranda of

Contentions of Fact and Law) or of briefs (Paragraph 19 concerns post-trial briefs).[1]  In short, the generally applicable provisions of RCFC 5.4 apply to such memoranda and briefs, including the limitations on length set out in RCFC 5.4(b).

As a result, the 119-page post-trial brief of the government in this case is greatly in excess of the 40-page limitation in RCFC 5.4(b)(1).  It should not have been filed in the form in which it was submitted.  Nonetheless, the court allows the filing as a  matter of grace, with the caveat that no such leave will be granted in the future.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[1]RCFC 5.4(a)(2) pertains to the contents of a brief or memorandum, and it excepts from the content requirements "a brief or memorandum of 10 pages or fewer or . . . pretrial findings under Appendix A."  Nothing like that exception appears in the length limitations of RCFC 5.4(b).